**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Robert Hannah Case #24-32057
and Tamika Hannah Case #24-32729
Debtor(s)

Chapter 13 Case

NOTICE OF HEARING AND MOTION TO CONFIRM MODIFIED CHAPTER 13 PLAN

To: Gregory Burrell, the U.S. Trustee, and other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a Postconfirmation modified plan and it will be considered at the confirmation hearing in this case set forth below.

2. The court will hold a hearing on this motion at 11:00AM on 2026-10-22 in Courtroom 8 West located at 300 South 4th Street, Minneapolis, MN, 55415 or remotely before the honorable Katherine A. Constantine.

3. Any objection to this plan must be filed and served on or before 2026-10-15. Unless a response opposing the motion is timely field, the court may grant the motion without a hearing.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C §§ 157, 1334 and Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This motion arises under 11 U.S.C. § 1329 and Bankruptcy Rule 3020. This motion is field under Bankruptcy Rule 9014 and Local Rules 9006-1 and 9013. Movant requests the confirmation of this modified plan.

5. The movant seeks to modify this plan as the debtor fell behind with his payments due to lack of income from slow car sales..

WHEREFORE, the Debtor(s) respectfully request(s) the Court to confirm the modified plan.

Dated: 09/16/2026
.

/s/ Andrew C. Walker
Andrew C. Walker #392525
Walker and Walker Law Offices, PLLC
Attorney for debtor(s)
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

LOCAL FORM 3015-1
REVISED 09/2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Hannah, Robert Lee

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

Case No. 24-32057
CHAPTER 13 PLAN ☑ Modified
Dated 09/15/2026

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$88,650.00** (including balance on hand of **$4,046.23**).

2.2 After the date of this plan, the debtor will pay the trustee: **$183,600.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $5,100.00 | 25 (09/2026) | 60 (08/2029) | 36 | $183,600.00 |
| | | | PART 2.2 SUBTOTAL: | **$183,600.00** |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee ________________.

2.5 The debtor will pay the trustee a total of **$272,250.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200 or $2,000.**
.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$27,225.00** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

LOCAL FORM 3015-1
REVISED 09/2025

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of property |
|---|---|---|
| **None** | | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | *+ amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | NewRez | Lot 21, Block 2, Sun Cliff First Addition, Dakota County, Minnesota. 4292 Beaver Dam Rd Eagan, MN 55122-2238 | $5,611.94 | | | Pro-Rata | | $0.00 | $5,611.94 | $5,611.94 |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | *+ amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $1805.00 | | ☒ Debtor ☐ Trustee | | | | | |
| 5.2 | Huntington National Bank | 2017 Grand Cherokee | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | *+ amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $641.00 | | ☑ Debtor ☐ Trustee | | $0.00 | | $0.00 | $0.00 |
| 5.3 | Dodge of Burnsville | 2013 Buick Varano | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | *+ amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | | | | | | | TOTAL: | **$5,611.94** |

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | *+ amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $500.00 | ☑ Debtor<br>❑ Trustee | | | $0.00 | $0.00 | $0.00 |
| | **payments are deducted from debtor's paycheck** | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$5,611.94** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Minnesota Department of Revenue | $7,596.26 | 8.00% | ❑ | | | | | $7,596.26 | $7,596.26 |
| | | | | | | | | | TOTAL: | **$7,596.26** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Internal Revenue Service | $148,217.38 | | Pro-Rata | | $95,285.17 | $52,932.21 | $148,217.38 |
| 8.2 | Minnesota Department of Revenue | $21,730.48 | | Pro-Rata | | $13,969.97 | $7,760.51 | $21,730.48 |
| 8.3 | Walker & Walker Law Offices, PLLC | $3,828.00 | 09/26 | | | | $3,828.00 | $3,828.00 |
| 8.4 | Walker & Walker Law Office | $1,500.00 | 09/26 | $1,500.00 | 1 | $1,500.00 | $0.00 | $1,500.00 |
| | | | | | | | TOTAL: | **$175,275.86** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $85,887.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $85,887.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 67.68% |

| | |
|---|---|
| Estimated remaining payments | $58,126.47 |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | $58,126.47 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property<br>*(including the complete legal description of real property)* |
|---|---|---|
| | **None** | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ❑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): ____________. |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | ❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): ____________. The amount of the unsecured claim is (line f): ____________. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | **1305 claims**<br>Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service or Minnesota Department of Revenue for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| 15.2 | **Post-Petition Consumer Debt**<br>Approval by the Bankruptcy Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring a consumer debt while this case is pending, but the holder of the claim against the debtor based upon such debt is subject to § 1305. |
| 15.3 | **Step Up for Car Payoff**<br>The plan contains a $300 step up after 14 months when the Buick Verano is paid off. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $27,225.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $5,611.94 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |

LOCAL FORM 3015-1
REVISED 09/2025

| Class of payment | Total payments |
| --- | --- |
| Secured claims excluded from § 506 [Part 7] | $7,596.26 |
| Priority claims [Part 8] | $175,275.86 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $56,540.94 |
| TOTAL (must equal line 2.5) | $272,250.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ Andrew C. Walker**

Andrew C. Walker
Attorney for debtor
Bar Number: 0392525
Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409
Phone: (612) 824-4357
Fax: (612) 824-8005
Email: andrew@bankruptcytruth.com

Signed: **s/ Robert Lee Hannah**
Robert Lee Hannah
Debtor 1

Signed: ____________________
Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Robert Hannah Case #24-32057
and Tamika Hannah Case #24-32729
Debtor(s)

Chapter 13 Case

MEMORANDUM OF FACTS AND LAW IN SUPPORT OF MOTION TO CONFIRM MODIFIED CHAPTER 13 PLAN

**FACTS**

The debtor(s) seek to modify the plan as the debtor fell behind with his payments due to lack of income from slow car sales..

**LAW**

11 U.S.C § 1329 allows a debtor to modify a Chapter 13 plan after confirmation provided the new plan meets the requirements set forth elsewhere in the Bankruptcy code. This modified plan meets these requirements. Local Rule 3015-2(b) requires a plan to be modified by motion.

The Debtor(s) have served the motion on each entity listed on the matrix as required by the motion and has proposed a plan which meets the other requirements of the code. The Debtor(s) are entitled to confirmation of the modified plan.

**CONCLUSION**

The modified plan should be confirmed.

/s/ Andrew C. Walker
Andrew C. Walker #392525
Walker and Walker Law Offices, PLLC
Attorney for debtor(s)
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Robert Hannah Case #24-32057
and Tamika Hannah Case #24-32729
Debtor(s)

Chapter 13 Case

PROPOSED ORDER CONFIRMING CHAPTER 13 PLAN

It appears that the Debtor(s) filed a plan, that the plan conforms to Local Rule 3015-1(a) and Local Form 3015-1, that copies thereof were mailed to creditors, that a meeting of creditors was held, and that no objection to the confirmation of the plan as filed or as modified by an amended plan has been made, or if made, has been withdrawn or overruled by the Court.

IT IS THEREFORE ORDERED, that the plan as filed or as modified by an amended plan is confirmed.

Dated:

_______________________________________

Katherine A. Constantine
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MINNESOTA

In re: Robert Hannah Case #24-32057
and Tamika Hannah Case #24-32729
Debtor(s)

UNSWORN CERTIFICATE OF SERVICE

I, Jennifer Nelson , Declare under penalty of perjury that on 09/16/2026 , I mailed copies of the foregoing Notice of Confirmation Hearing and Notice Of PostConfirmation Modified Plan by first class mail, postage prepaid, or by electronic mail using ECF to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
100 South 5th St. No. 480
Minneapolis, MN 55402

And creditors on the attached list

Executed on: 09/16/2026 /e/ Jennifer Nelson

Label Matrix for local noticing
0864-3
Case 24-32057
District of Minnesota
St Paul
Wed Sep 17 10:28:38 CDT 2025

NewRez LLC d/b/a Shellpoint Mortgage Servici
14841 Dallas Parkway, Suite 350
Dallas, TX 75254-7685

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

AVANT
222 W Merchandise Mart Plz Ste 900
Chicago, IL 60654-1105

American Express
General Inquiries
Po Box 981535
El Paso, TX 79998-1535

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

CBNA
Po Box 6497
Sioux Falls, SD 57117-6497

Capital One Bank (USA), N.A.
Attn: General Correspondence
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

Discover Bank
PO Box 3025
New Albany, OH 43054-3025

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Dodge of Burnsville
12101 Highway 35w S
Burnsville, MN 55337-1693

(p)FIRST NATIONAL BANK OF OMAHA
1620 DODGE ST
STOP CODE 3113
OMAHA NE 68102-1593

(p)FREEDOM FINANCIAL ASSET MANAGEMENT LLC
ATTN BANKRUPTCY DEPARTMENT
PO BOX 2340
PHOENIX AZ 85002-2340

FST Premier
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Finwise Bank
PO Box 565848
Dallas, TX 75356-5848

Huntington National Bank
Po Box 1558
Columbus, OH 43216-1558

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Macys/Citibank
Po Box 6500
Sioux Falls, SD 57117-6500

Minnesota Department of Revenue
551 Bkcy Section
PO Box 64447
St Paul, MN 55164-0447

Minnesota Department of Revenue
551 Bkcy Section
Po Box 64447
Saint Paul, MN 55164-0447

NCA
PO Box 550.327 West 4th Avenue
Hutchinson, KS 67504-0550

National Credit Adjusters, LLC
Attn: Bankruptcy Department
P.O. Box 3023
Hutchinson, KS 67504-3023

NetCredit
175 W Jackson Blvd Ste 1000
Chicago, IL 60604-2863

NewRez
C/O Shellpoint Mortgage
Po Box 10826
Greenville, SC 29603-0826

NewRez LLC d/b/a Shellpoint Mortgage Servici
PO Box 10826
Greenville, South Carolina 29603-0826

(p)PROSPER MARKETPLACE INC
221 MAIN STREET STE 300
SAN FRANCISCO CA 94105-1909

Prosper Funding LLC
C/O Weinstein & Riley, P.S.
749 GATEWAY, SUITE G-601
ABILENE, TX 79602-1196

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Service Finance Company
555 S Federal Hwy Ste 200
Boca Raton, FL 33432-6033

Service Finance Company, a division of Truis
PO Box 1847
Wilson, NC 27894-1847

Synchrony/Lowes
Po Box 965005
Orlando, FL 32896-5005

Tamika Hannah
4292 Beaver Dam Road
Eagan, MN 55122-2238

The Huntington National Bank
PO Box 89424
OPC856
Cleveland OH 44101-6424

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

United States Trustee
300 S 4th St Ste 1015
Minneapolis, MN 55415-3070

(p)UPGRADE INC
2 N CENTRAL AVE
10TH FLOOR
PHOENIX AZ 85004-4422

Upstart Network Inc
2 Circle Star Way # 2
San Carlos, CA 94070-6200

Upstart Network, Inc
PO BOX 1931
Burlingame, CA 94011-1931

Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409-2033

Wings Financial
14985 Glazier Ave
Apple Valley, MN 55124-7842

Wings Financial Credit Union
14985 Glazier Avenue, Suite 100
Apple Valley, MN 55124-6539

Andrew C. Walker
Walker & Walker Law Offices PLLC
4356 Nicollet Ave S
Minneapolis, MN 55409-2033

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Robert Lee Hannah
4292 Beaver Dam Rd
Eagan, MN 55122-2238

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
Po Box 15316
Wilmington, DE 19850-5316

FNB Omaha
Po Box 3128
Omaha, NE 68103-0128

FREEDOM FINANCIAL ASSET
1875 S Grant St Ste 400
San Mateo, CA 94402-2676

(d)First National Bank of Omaha
1620 Dodge St Stop Code 3113
Omaha, Ne 68197

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

(d)Jefferson Capital Systems, LLC
Po Box 7999
St. Cloud, MN 56302-9617

Prosper
221 Main St Ste 300
San Francisco, CA 94105-1909

Upgrade Inc.
2 North Central Avenue Fl. 10
Phoenix, AZ 85004

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 46 |
| Bypassed recipients | 0 |
| Total | 46 |